WARSAW WATER WORKS COMPANY, Appellant, *v.* THE VILLAGE OF WARSAW et al., Respondents.

1. VILLAGES — INVALID STATUTORY PROVISION FOR WATER RATES DISCRIMINATING AGAINST PATRONS OF PRIVATE WATER WORKS COMPANY. The provisions of chapter 284 of the Laws of 1894, supplementary to the Village Water Act of 1875 (Ch. 181), which, by authorizing village water commissioners to lay and assess water rates upon property not using water from the municipal system, disclose an intent to assist the water commissioners in securing customers from the patrons of an existing private water works company, are invalid and, therefore, not enforceable.

*Warsaw Water Works Co.* v. *Vil. of Warsaw*, 16 App. Div. 502, modified.

(Argued October 3, 1899; decided December 5, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 17, 1897, affirming a judgment of the Trial Term dismissing the complaint upon the merits.

This action was brought for the purpose of restraining the defendants from interfering with the plaintiff and preventing its supplying water to the trustees of the village of Warsaw for fire protection, and to its patrons for domestic or power purposes, and from soliciting any of its patrons to take water from a system of water works constructed by the defendants, and from imposing or threatening to impose any discriminating taxes upon the owners of property abutting on the mains of defendants' system of water works, or within 200 feet of the hydrants thereon, or on any such real property so abutting or within such distance as the board of water commissioners of the village of Warsaw may deem beneficial because of the refusal, neglect or omission of such owner or occupant of any such real property to take water from the defendants for domestic or manufacturing purposes, until after the defendants shall, by due process of law, have acquired the rights, property, privileges and franchises of the plaintiff.

The plaintiff is a domestic corporation created by a special act, chapter 394 of the Laws of 1869. The village of War-

saw is a municipal corporation, having been incorporated March 17, 1870 ; the other defendants are its board of trustees, who were acting as a board of water commissioners by virtue of the authority contained in chapter 181 of the Laws of 1875.

*Eugene M. Bartlett* for appellant. Chapter 394 of the Laws of 1869 constitutes a contract, imposing upon the plaintiff the duty of furnishing water to the village of Warsaw and the inhabitants thereof for domestic purposes and the extinguishment of fires. (*Hutson* v. *Mayor, etc.,* 9 N. Y. 163 ; *Mayor, etc.,* v. *Furz,* 3 Hill, 612 ; *Livingston* v. *Tanner,* 14 N. Y. 64 ; *Phelps* v. *Hawley,* 52 N. Y. 23 ; *People ex rel.* v. *Bd. Suprs.,* 51 N. Y. 401 ; *People ex rel.* v. *Bd. Suprs.,* 5 Hun, 650 ; *Hagadorn* v. *Raux,* 72 N. Y. 583 ; Cooley on Const. Lim. [6th ed.] 333 ; *W. R. R. Co.* v. *Reid,* 13 Wall. 266 ; *Sinking Fund Case,* 99 U. S. 766 ; Morawetz on Corp. § 1050.) If chapter 181 of the Laws of 1875 authorizes the defendants to construct a system of new water works in and for the village of Warsaw without acquiring plaintiff's system, it impairs the obligation of plaintiff's charter, authorizes the defendants to take or destroy its property without compensation and due process of law, and is, therefore, in conflict with the Constitution of the United States and void. (Cooley's Const. Lim. [6th ed.] 333 ; *Sinking Fund Case,* 99 U. S. 797 ; Morawetz on Corp. § 1058 ; *Stein* v. *Mayor, etc.,* 20 Am. Rep. 283 ; *Fletcher* v. *Peck,* 6 Cranch, 87 ; *Mayor, etc.,* v. *S. A. R. R. Co.,* 32 N. Y. 261 ; *Dartmouth College* v. *Woodward,* 11 Wheat. 511 ; *Regan Case,* 154 U. S. 393 ; *Matter of City of Brooklyn,* 143 N. Y. 608 ; *People* v. *O'Brien,* 111 N. Y. 1 ; *County of San Mateo* v. *S. P. R. R. Co.,* 13 Fed. Rep. 722 ; *B. G. R. R. Co. Case,* 34 U. S. 237.) The legislature having granted to the plaintiff a franchise to supply the village of Warsaw with water for fire and domestic purposes cannot now delegate to the village authority to do that which the plaintiff has been induced to undertake and thus retake the plaintiff's franchise without compensation or due process of law. (*Smith*

v. *People*, 47 N. Y. 330; *Hutson* v. *Mayor, etc.*, 9 N. Y. 163; *Mayor, etc.*, v. *Furze*, 3 Hill, 612; *Livingston* v. *Tanner*, 14 N. Y. 64; *Phelps* v. *Hawley*, 52 N. Y. 23; *People ex rel.* v. *Bd. Suprs.*, 51 N. Y. 401; *People ex rel.* v. *Bd. Suprs.*, 5 Hun, 650; *Hagadorn* v. *Raux*, 72 N. Y. 583; *White* v. *City of Meadville*, 177 Penn. St. 643; *Walla Walla* v. *W. W. W. Co.*, 172 U. S. 1.)

*John G. Milburn* for respondents. The plaintiff's charter does not require the defendants to accept and pay for the water which the plaintiff may be willing to furnish, or to continue to accept and pay for the same, if they, at any time, commence to do so. Nor is the plaintiff obliged to furnish water to the trustees of the village unless the trustees so desire and request it to do so. (*Power* v. *Vil. of Athens*, 99 N. Y. 592; 2 Kent's Comm. 459; *A. & C. P. R. Co.* v. *Douglass*, 9 N. Y. 444; *S. W. Co.* v. *City of Syracuse*, 116 N. Y. 167; *Stein* v. *B. W. Co.*, 141 U. S. 67; *C. R. Bridge* v. *W. Bridge*, 11 Pet. 420; *F. W. Co.* v. *Prager*, 129 Penn. St. 605; *Pearsall* v. *G. N. Ry. Co.*, 161 U. S. 646; *Colby University* v. *Vil. of Canandaigua*, 62 Fed. Rep. 671; *Matter of N. Y. El. R. R. Co.*, 70 N. Y. 327.) The plaintiff concedes that it does not, by its charter, have an exclusive right to furnish water to the village and its inhabitants. (*H. G. L. & C. Co.* v. *Hamilton City*, 146 U. S. 258; *Curtis* v. *Whitney*, 13 Wall. 68.) Section 22 of chapter 181 of the Laws of 1875 does not require the defendants to acquire by purchase or condemnation the rights, privileges, grants and properties of the plaintiff before they can build and operate a system for the purpose of furnishing water to the village and its inhabitants. (*Colby University* v. *Vil. of Canandaigua*, 62 Fed. Rep. 671.) If the plaintiff's charter was such as to constitute a contract, giving it an exclusive right, which it fully and continually performed, it still would not be entitled to an injunction, because it has failed to perform its part of the contract, and the obligation imposed by its charter. (*F. L. & T. Co.* v. *City of Galesburg*, 133 U. S. 154; *President, etc.*, v. *T. C. B. Co.*, 2 Beas.

46 ; *T. & B. R. R. Co.* v. *B., H. T. & W. Ry. Co.*, 86 N. Y. 107 ; *Smith* v. *People*, 47 N. Y. 330 ; *B. W. Co.* v. *City of Mobile*, 95 Fed. Rep. 539.) The officers of the plaintiff having stood by and permitted the authorities of the village to construct the municipal works, and involve the village in an indebtedness of upwards of $75,000, cannot, in equity, object to its operating the same, and the complaint was properly dismissed for that reason. (*P. M. L. Ins. Co.* v. *City of Austin*, 168 U. S. 685.) The plaintiff has a perfect remedy at law to enforce payment for water which the plaintiff stands willing to furnish under the alleged contract by the charter, if, by that contract, it becomes the duty of the defendants to pay for the same. (*Boyer* v. *Vil. of Little Falls*, 5 App. Div. 1.) The law under which the defendants propose to establish a scale of rates for the use of water, and also rates for fire protection, to be assessed on all real property abutting on the mains, or within 200 feet of hydrants, or upon such real property so abutting or within such distance as the board deems beneficial, upon which real property the water is not used by the owners or occupants thereof for domestic or manufacturing purposes, is constitutional, and authorizes the establishment of such rates. (*Dasey* v. *Skinner*, 33 N. Y. S. R. 15 ; *S. F. & M. Ins. Co.* v. *Keeseville*, 61 N. Y. S. R. 711, 716 ; *Howell* v. *City of Buffalo*, 37 N. Y. 267 ; *Matter of Union College*, 129 N. Y. 308.) The establishment of rates and the making of assessments upon property abutting on the mains, etc., of those who do not use the water for domestic or manufacturing purposes, as well as those who do use the same, is a part of the general scheme of supplying the village with water ; and the statutes authorizing the same are supplemental to chapter 181 of the Laws of 1875. These statutes provide for public local improvements in villages ; and in providing for the raising of money for their creation, improvement and repair, the legislature exercised its taxing power, which is unlimited, except as specifically prescribed by the Constitution. (*People ex rel.* v. *Mayor, etc.*, 4 N. Y. 419 ; *Howell* v. *City of Buffalo*, 37 N.

Y. 267; *Litchfield* v. *Vernon*, 41 N. Y. 123; *People ex rel.* v. *Lawrence*, 41 N. Y. 137; *Matter of Van Antwerp*, 56 N. Y. 261; *McLaughlin* v. *Miller*, 124 N. Y. 510; *Spencer* v. *Merchant*, 100 N. Y. 585; *Hersee* v. *Porter*, 100 N. Y. 403; *Genet* v. *City of Brooklyn*, 99 N. Y. 296; *Matter of McPherson*, 104 N. Y. 306.) The plaintiff is not in a position to question the validity or constitutionality of the acts of 1875 and 1894 authorizing the imposition of such taxes. (*Matter of D. & H. C. Co.*, 60 Hun, 204.) Neither chapter 181 of the Laws of 1875 nor chapter 294 of the Laws of 1894 is in conflict with the Constitution of the United States. (*People ex rel.* v. *Rice*, 135 N. Y. 473; *Sweet* v. *City of Syracuse*, 129 N. Y. 316; *Ogden* v. *Sander*, 12 Wheat. 270; *Matter of N. Y. El. R. R. Co.*, 70 N. Y. 327; *People ex rel.* v. *Durston*, 119 N. Y. 577; *People ex rel.* v. *Supervisors of Orange Co.*, 17 N. Y. 235; *People* v. *Gillson*, 109 N. Y. 389; *People* v. *Canal Board*, 55 N. Y. 390.)

Parker, Ch. J.  The questions presented by this record we regard as sufficiently considered in the *Skaneateles* case, decided at this term (*Skaneateles Water Works Co.* v. *Village of Skaneateles*, 161 N. Y. 154), and that decision calls for a modification of this judgment. One of the objects of this action, as appears in the eighth paragraph of the complaint and in the prayer for relief, was to restrain the defendants from imposing, or threatening to impose, any discriminating taxes upon the owners of property abutting on the mains of the defendants' system of water works, or within two hundred feet of the hydrants thereon, or on any such real property so abutting, or within such distance as the defendants' board of water commissioners may deem beneficial, because of the refusal, neglect or omission of the owner to take water from the defendants for domestic or manufacturing purposes.

The trial court found as a fact: "That the defendants at the time of the commencement of this action intended to proceed, and now intend to proceed, to establish a scale of water rates for the use of water, and also for fire protection, to be

assessed on all real property abutting on the mains or within two hundred feet of the hydrants, or on such real property so abutting or within such distance as the board of water commissioners may deem beneficial, upon which real property the water is not used by the owners or occupants thereof for domestic or manufacturing purposes, as provided for in chapter 284 of the Laws of 1894, or of any acts of the legislature of this state referred to or offered in evidence herein," and as a conclusion of law : " That the defendants are entitled to establish a scale of rates for the use of water and also rates for fire protection, to be assessed on all real property abutting on the mains within two hundred feet of the hydrants, or on such real property so abutting, or within such distance, as such board may deem beneficial, upon which real property the water is not used by the owners or occupants thereof for domestic or manufacturing purposes, without purchasing or acquiring the rights, privileges and franchises of the plaintiff, the same to be established and assessed in accordance with chapter 284 of the laws of 1894."

The second provision of the judgment adopts the phraseology of the conclusion of law and, therefore, constitutes an adjudication that the provisions of the statute, which carries on its face evidence of the intent to assist water commissioners in securing customers from the patrons of their adversaries, is valid and enforceable.

We held otherwise in the *Skaneateles* case, and this judgment should be modified accordingly by striking out the second provision of the judgment, and as thus modified the judgment should be affirmed, with costs to the appellant in this court and in the Appellate Division.

All concur, except BARTLETT, J., dissenting (see dissenting opinion in *Skaneateles Case*, 161 N. Y. 171) and HAIGHT, J., not voting.

Judgment accordingly.