(71 Misc. Rep. 577.)

## BEAUTY SPRING WATER CO. v. VILLAGE OF LYONS FALLS.

(Supreme Court, Trial Term, Lewis County.    April, 1911.)

1. MUNICIPAL CORPORATIONS (§ 966*)—TAXATION—PROPERTY SUBJECT—CORPORATIONS—WATER COMPANY.

A water company holding a franchise to operate its system within a portion only of the limits of a village is subject to taxation of its property located within the village for the purpose of paying bonds issued and expenses incurred for the maintenance of a municipal water system installed subsequently to that of the water company.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2045–2061; Dec. Dig. § 966.*]

2. MUNICIPAL CORPORATIONS (§ 956*)—POWER TO TAX—DELEGATION OF POWER—MUNICIPAL CORPORATIONS.

When a municipal corporation is created, the power of taxation is vested in it as an essential attribute for all the purposes of its existence, unless its exercise be in express terms prohibited.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2010–2013; Dec. Dig. § 956.*]

Action by the Beauty Spring Water Company against the Village of Lyons Falls to restrain the collection of certain taxes. Complaint dismissed.

See, also, 118 N. Y. Supp. 1094.

C. S. Mereness, Jr., for plaintiff.
Harry W. Cox, for defendant.

DEVENDORF, J.   This action is brought to restrain the collection of village taxes imposed and levied by the defendant upon the property of plaintiff in the years 1908, 1909, and 1910 for the purpose of paying bonds issued and expenses incurred for the maintenance of the municipal water system.

[1] Plaintiff resists payment of the said taxes upon the ground that they are levied to pay upon the cost and expense of maintenance of a municipal water system, installed and operated in competition with it. It does not raise any question as to the ordinary taxes and expenses of the village, nor attack the proceedings relating to the assessment and levying generally of the taxes; but its position is, as above stated, that it should not be called upon to pay for the expense of construction or maintenance of its competitor. It claims to be sustained in that contention by the courts' decisions in Skaneateles W. W. Co. v. Village of Skaneateles, 161 N. Y. 154, 55 N. E. 562, 46 L. R. A. 687; Id., 184 U. S. 354, 22 Sup. Ct. 400, 46 L. Ed. 585, and Warsaw W. W. Co. v. Village of Warsaw, 161 N. Y. 176, 55 N. E. 486.

The Court of Appeals of this state has specifically held that the municipality has the right to construct and operate its own system of waterworks, even though it be in competition with a company to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which it has theretofore granted a franchise (161 N. Y. 154, 55 N. E. 562, 46 L. R. A. 687, affirmed by the Federal Supreme Court 184 U. S. 354, 22 Sup. Ct. 400, 46 L. Ed. 585); but it has also been stated by the above cases, and in the Warsaw Case, 161 N. Y. 176, 55 N. E. 486, that the provision of the village law for taxing the water company therefor and authorizing a discriminating tax against its patrons is unconstitutional.

I think these authorities mentioned are not in point upon the facts as established in the case at bar. Here the so-called franchise, if valid, gives to the plaintiff the right to operate its water system in the town of West Turin only, while the village of Lyons Falls territorially takes in a part also of the town of Lyonsdale. The plaintiff has no franchise grant to extend its water mains into that town. It can as a matter of right supply only a part of the village, unless such power is conferred by subdivision 2 of section 82 of chapter 566, Laws of 1890.

The defendant was incorporated long after the plaintiff obtained its articles of incorporation. No greater rights were conferred upon the plaintiff by the creation of the municipality than it already possessed; and concededly it has never received from the defendant any permission or grant of any kind in reference to the operation of its waterworks. There are no equities arising from their transactions as bodies corporate, one with the other.

It is easily inferred from the evidence that the inhabitants of the defendant were dissatisfied with the service furnished them by the plaintiff. In a territory conceded to be about 1½ miles in length and about ½ a mile in breadth there were furnished by the plaintiff but 5 hydrants for fire protection; and the defendant, since placing its own waterworks in operation, has installed 26 hydrants and thereby materially reduced the fire insurance rates. There was no storage reservoir at the head of plaintiff's system, and an extra draft upon the supply of water resulted in loss of force and pressure. There were several localities where the pressure was extremely low and inadequate for fire protection; and from the condition of things it appears that satisfactory service was not given the people of the community.

This so-called franchise or permit, under which plaintiff was operating, did not fix or mention the relative rights of the water company and the people. It was without form or substance in that respect. The number of hydrants, their location, the water pipes, where or how maintained, were left unmentioned, both by permit and contract. Rates and charges were not considered or determined upon; and generally there were no reciprocal relations agreed upon or carried out between plaintiff and defendant, nor common interests conserved. Taking all these matters into consideration, as stated, I think the cases relied upon by the plaintiff are clearly distinguishable.

There is still another question. The plaintiff, on the trial, introduced in evidence the petition presented to the State Water Supply Commission by the defendant in its application for a certificate permitting the installation of the water system, and the order of the commission made thereon. As I understand it, the petition and order are submitted to

show what occurred before the commission, that such effect may be given to that transaction as the court deems it entitled to.

It may be urged that the State Water Supply Commission in approving the plans and granting the certificate to the village made it a condition that the village acquire the water system of the plaintiff, and that the village has been guilty of bad faith in that respect. If that construction is placed on the decision of the commission, I doubt its power to compel such action on the part of the municipality.

The stockholders of the plaintiff were nearly all residents of the village of Lyons Falls; and a more neighborly treatment of them in this matter, it may be said, would have been more commendable. It does not appear that any substantial effort was made to protect the interests of the owners of the private water system. A proposition to purchase at the price of $9,000 was voted down; and there is no power in the court, as I view it, to grant to the Beauty Spring owners any relief. They put their money into an enterprise in the town of West Turin, and failure and loss are their return. That is so whether they win or lose this lawsuit. They took a business chance, and I see no way to save them from the consequences of their own acts. Their water system was not satisfactory to the citizens of the territory embraced within the corporate limits of the village; and it proceeded, as it had a right, to construct and operate a water system of its own, and for that purpose expended upwards of $28,000.

It may be that the equities of the situation were overlooked to some extent, but I think whatever was done by the village was strictly within its rights. The plaintiff owns property situate within the village. The tax law provides:

"All real property within this state, and all personal property situated or owned within this state, is taxable unless exempt from taxation by law."

I am unable to find any authority or statute which would justify this court in saying that the plaintiff's property is exempt. Every reasonable presumption should be indulged in to the end that property may be taxable, rather than exempt. The tax in question is levied against the plaintiff because it is the owner of certain property. Its ownership is undisputed, the assessed value is not attacked, the rate is not said to be unjust, nor the proceedings leading to the levy illegal; but the only claim is that the plaintiff, although owning property within the village, should not be called upon to pay its share of the expense of construction and maintenance of the municipal water system.

[2] When a municipal corporation is created, the power of taxation is vested in it as an essential attribute for all the purposes of its existence, unless its exercise be in express terms prohibited. United States v. City of New Orleans, 98 U. S. 381, 25 L. Ed. 225.

The complaint is dismissed on the merits, with costs.

Complaint dismissed.